```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
T.Y. AND K.Y., Individually and On,
Behalf of Their Son T.Y.,
                                           ORDER ADOPTING
            Plaintiffs,                    REPORT AND
                                           RECOMMENDATION
    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,     15-CV-1508(KAM)(RML)

            Defendant.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Presently before the court is the Report and Recommendation of United States Magistrate Judge Robert M. Levy ("R&R"), filed on August 26, 2016. (ECF No. 29). The R&R recommends that plaintiffs' motion for summary judgment be GRANTED and defendant's cross motion for summary judgment be DENIED. (R&R at 29). Defendant, the Department of Education ("DOE" or "defendant"), has not objected to the R&R. Plaintiffs T.Y. and K.Y. ("plaintiffs" or "parents") request that the court adopt and affirm the R&R but "raise and preserve" three objections. (ECF No. 30). For the reasons set forth below and upon *de novo* review of the record, the court addresses plaintiff's three objections and ADOPTS the Report and Recommendation in its entirety.

**Background**

Plaintiffs brought this action on behalf of their child, T.Y. ("T.Y.")[1] against the New York City Department of Education under the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §§ 1400, *et seq.* seeking review of the December 23, 2014 administrative decision of State Review Officer Justyn P. Bates (the "SRO"). (*See* Complaint, dated March 23, 2015, ECF No. 1; Decision No. 13-049 of State Review Officer Justyn P. Bates, dated Dec. 23, 2014 ("SRO Decision"), ECF No. 17-2). The SRO, in its December 23, 2014 Decision, reversed the determination of New York State Impartial Hearing Officer Christine Moore (the "IHO"), and concluded that the individualized education plan ("IEP") that the DOE developed for T.Y. was sufficient to provide T.Y. with a free and appropriate public education ("FAPE") as required under IDEA. (*See* SRO Decision, ECF No. 17-2 at 34).[2]

On September 30, 2015, the parents moved for summary judgment, and on November 4, 2015, the DOE opposed and crossed moved for summary judgment (the "Motions"). (ECF Nos. 15-17, 20-21). Plaintiffs filed their memoranda opposing the DOE's cross-motion and in further support of their motion for summary judgment

---

[1] In this Order and the R&R, T.Y. refers to the minor child.

[2] Citations to page numbers refer to the page numbers assigned by the Official Court Electronic Filing System, ECF.

2

on December 1, 2015. (ECF No. 22). On December 4, 2015, the court referred the Motions to Honorable Magistrate Judge Robert M. Levy for a report and recommendation. (Order, dated December 4, 2015). The DOE filed its reply brief on December 16, 2015. (ECF No. 24). Judge Levy heard oral argument from the parties on February 11, 2016, and on August 26, 2016, Judge Levy issued his Report and Recommendation recommending that the court grant the parents' motion for summary judgment, and deny the DOE's cross-motion for summary judgment. (Report and Recommendation ("R&R), ECF No. 29). Judge Levy also recommended that plaintiff's counsel be granted leave to submit an application for attorneys' fees and costs.

The R&R notified the parties that any objections to the R&R must be filed within fourteen days of receipt of the R&R. (*Id.*). By letter dated September 9, 2016, plaintiffs "raised and preserved objections" that the R&R: (1) lacked a finding of cumulative violations by the DOE in failing to provide T.Y. with a FAPE; (2) lacked a specific finding regarding school placement/implementation as determined by the IHO; and (3) did not expressly include in the reimbursement award, reimbursement for T.Y.'s 2012-2013 Rebecca School tuition, T.Y.'s supplemental speech therapy, T.Y.'s 1:1 paraprofessional and transportation costs. (Plaintiff's Objections to R&R ("Objections"), ECF No. 30 at 3). Defendant did not object to the R&R.

**Discussion**

For the reasons stated herein, the Court ADOPTS the R&R in its entirety.

I. **Standards of Review**

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). Where no objections to the Report and Recommendation have been filed, however, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). "The district court is permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *Sasmor v. Powell*, No. 11-CIV-4645 (KAM) (JO), 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (citation and internal quotation marks omitted).

II. **Plaintiff's Objections**

Plaintiffs request that the court affirm and adopt the R&R, and "expressly embrace" Judge Levy's specific factual and legal findings, but object to the R&R on three specific grounds as

described *supra*, and discussed below. This court nonetheless conducted a *de novo* review of the record and reaches the same conclusions as Judge Levy. Accordingly, the court affirms and adopts Judge Levy's thorough and well-reasoned Report and Recommendation in its entirety.

The court presumes familiarity with the underlying facts and procedural history as set forth in greater detail in Judge Levy's R&R. (R&R, ECF No. 29 at 4-17). Plaintiff first objects to the R&R and argues that Judge Levy "could have and should have made additional findings pursuant to [the] cumulative violations test." (Objections, ECF No. 30 at 3). Plaintiffs argue when viewed with the other serious substantive FAPE violations that Judge Levy found, Judge Levy should have also found that the DOE's failure to develop a Functional Behavioral Analysis ("FBA"), failure to create a Behavioral Intervention Plan ("BIP"), failure to expressly consider T.Y.'s need for assistive technology, failure to offer parent training and counseling, and failure to plan for T.Y. to transition to a new program and placement further compounded the DOE's overall failure to provide T.Y. with a FAPE. (*Id.*). Second, plaintiffs request that the court adopt the IHO's decision and credibility findings relating to the proper implementation of the IEP at the recommended placement. (*Id.*). Third, plaintiffs also ask that the court specify in any reimbursement award that the parents are

entitled to reimbursement for T.Y.'s 2012-2013 Rebecca school tuition, T.Y.'s supplemental speech therapy, and T.Y.'s 1:1 paraprofessional and transportation costs. (*Id.*).

First, the court finds upon *de novo* review, as Judge Levy did, that the SRO's finding that the IEP sufficiently addressed the behavioral concerns in the FBA and the BIP was logically sound and adequately supported by the record. (R&R, ECF No. 29 at 23; SRO Decision, ECF No. 17-2 at 22-24).[3] Accordingly, Judge Levy's deference to the SRO was proper and the court adopts his findings. *M.W. ex rel. S.W. v. N.Y. City Dep't of Educ.*, 725 F.3d 131, 138–39 (2d Cir. 2013) (Deference must be given "to the administrative decision particularly where the state officer's review has been thorough and careful.") (citation and internal quotation marks omitted).

Similarly, the court finds, as Judge Levy did, that the SRO's findings as to T.Y.'s need for assistive technology were proper. (R&R, ECF No. 29 at 23-25). The IEP described T.Y.'s communication ability and his use of assistive technology to communicate. (IEP, ECF No. 28-14 at 1). It also set annual and short term communication goals that referenced his use of assistive technology. (*Id.* at 9). The SRO found that the IEP was consistent

---

[3] Citations to page numbers refer to the page numbers assigned by the Official Court Electronic Filing System, ECF.

6

with the information regarding T.Y.'s communication needs that was before the Committee on Special Education ("CSE") and the DOE properly considered T.Y.'s communication needs. (SRO Decision, ECF No. 17-2 at 22). This court agrees with Judge Levy's determination that the SRO's findings regarding assistive technology and T.Y.'s communication program were proper and supported by the record. (R&R, ECF No. 29 at 24-25). Accordingly, the court adopts Judge Levy's finding.

Plaintiffs further argue that Judge Levy should have found that the IEP failed to adequately plan for T.Y. to transition to a new program and placement. (Objections, ECF No. 30 at 3). The SRO found, and Judge Levy agreed, that the IDEA did not require that the IEP include a "transition plan" for T.Y.'s transfer to a new school. (R&R, ECF No. 29 at 26). Upon *de novo* review, the court finds the IEP's failure to include a plan for T.Y.'s transition to a new school was not a procedural error because T.Y. was only 10 years old when the IEP was prepared. *See F.L. v. New York City Dep't of Educ.*, No. 15-CV-520 (KBF), 2016 WL 3211969, at *8 (S.D.N.Y. June 8, 2016) (The IDEA requires the IEP to include a transition plan for students 16 years or older; New York state extends this requirement to students 15 and older.) (citing 20 U.S.C. § 1414(d)(1)(A)(i)(VIII)(aa); 8 N.Y.C.R.R. § 200.4(d)(2)(ix)(b)). Further, the court finds, as the SRO and

Judge Levy did, that the IEP properly considered T.Y.'s needs relating to transitions from one activity to another during the school day. (R&R, ECF No. 29 at 26). Accordingly, the court adopts Judge Levy's findings.

Next, the plaintiffs object to Judge Levy's deference to the SRO's finding that the IEP's failure to provide for parental training and counseling did not result in a denial of a FAPE. (Objections, ECF No. 30 at 3). Upon *de novo* review, the court agrees with the SRO's and with Judge Levy's reasoning. The Second Circuit has made clear that "[t]hough the failure to include parent counseling in the IEP may, in some cases (particularly when aggregated with other violations), result in a denial of a FAPE, in the ordinary case that failure, standing alone, is not sufficient to warrant reimbursement." *R.E. v. N.Y. City Dep't of Educ.*, 694 F.3d 167, 191 (2d Cir. 2012). Here, plaintiffs are entitled under New York State regulations, as parents of an autistic child, to parent training and counseling regardless of whether the IEP recommends it. *See id.* (citing 8 NYCRR § 200.13(d)); *M.W.*, 725 F.3d at 142). Further, the court finds that the parents had a full opportunity to participate in the IEP process, which *inter alia*, resulted in an IEP that lacked parental counseling. Procedural violations will not amount to denial of a FAPE where "the procedural deficiencies were formalities and the

8

record shows that the Parents were afforded a full opportunity to participate in the IEP process." *R.B. v. New York City Dep't of Educ.*, No. 15-CV-6331 (DLC), 2016 WL 2939167, at *9 (S.D.N.Y. May 19, 2016); *see also F.L. ex rel. F.L. v. New York City Dep't of Educ.*, 553 F. App'x 2, 6-7 (2d Cir. 2014). Accordingly, the court agrees with the SRO and Judge Levy, and finds that the IEP's failure to provide for parent training and counseling did not deny T.Y. a FAPE. (SRO's Decision, ECF No. 17-2 at 27-28; R&R, ECF No. 29 at 25-26).

Plaintiffs' second objection is that the school placement/implementation issue should also be considered when viewing the cumulative effect of the DOE's violations. (Objections, ECF No. 30 at 3). Judge Levy determined that the IEP was substantively inadequate and, therefore, properly declined to reach the issue of whether the IEP could be properly implemented at the proposed placement site. (R&R at 35 n.18). The court agrees with Judge Levy's sound reasoning. "A substantive attack on a child's IEP that is couched as a challenge to the adequacy of the proposed placement is [] not a permissible challenge—those types of challenges do not relate to the placement's capacity to implement the IEP but to the appropriateness of the IEP's substantive recommendations, which must be determined by reference to the written IEP itself." *J.M. v. New York City Dep't of Educ.*,

No. 15-CV-353 (VEC), 2016 WL 1092688, at *8 (S.D.N.Y. Mar. 21, 2016) (citing *M.O.*, 793 F.3d at 245). The court finds, on *de novo* review, that because the IEP was substantively deficient, plaintiffs' arguments as to placement/implementation of the IEP need not be addressed. Thus, the court finds, as discussed herein, that the issues plaintiffs identified in their objections, whether considered individually or cumulatively, did not result in a denial of a FAPE. *See F.L. ex rel. F.L.*, 553 F. App'x at 7 (finding that procedural errors did not cumulatively result in a denial of FAPE).

Further, the court, upon *de novo* review, finds as Judge Levy did, that plaintiffs met their burden of establishing that the Rebecca School was an appropriate placement for T.Y. during the 2012-2013 school year. (R&R, ECF No. 29 at 37); *see P.K. ex rel. S.K. v. New York City Dep't of Educ.*, 819 F. Supp. 2d 90, 115 (E.D.N.Y. 2011) ("The parents bear the burden of establishing that the placement they selected was an appropriate one.") (citing *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007)). The IHO[4] relied on T.Y.'s teacher and the program director at the Rebecca School, who provided credible testimony about the educational and therapeutic services that T.Y. received

---

[4] The SRO did not address whether the Rebecca School was an appropriate placement for T.Y. during the 2012-2013 school year or whether the equities weighed in favor of a reimbursement award because the SRO determined that the DOE offered T.Y. a FAPE. (SRO Decision, ECF No. 17-2 at 33).

during the 2012-2013 school year, when finding that the Rebecca School was an appropriate placement for T.Y. (IHO's Decision, ECF No 17-1 at 23-26). The court finds, as Judge Levy did, that the educational and therapeutic services that T.Y. received at the Rebecca School during the 2012-2013 school year were "specifically designed to meet [T.Y.'s] unique needs," and therefore, agrees with the IHO that the Rebecca School was an appropriate unilateral placement for T.Y. during the 2012-2013 school year. *A.D. v. Bd. Of Educ. Of City Sch. Dist. Of City of New York*, 690 F. Supp. 2d 193, 206 (S.D.N.Y. 2010).

Finally, upon *de novo* review, the court finds, as Judge Levy did, that the IHO's findings as to reimbursement for T.Y.'s tuition and related services for the 2012-2013 school year were proper and, therefore, adopts Judge Levy's sound and well-reasoned decision in its entirety.

## Conclusion

For the foregoing reasons, the court ADOPTS Judge Levy's R&R in its entirety. Defendant's cross-motion for summary judgment is **DENIED**. Plaintiffs' motion for summary judgment is **GRANTED** and plaintiffs shall be reimbursed as follows: full reimbursement for T.Y.'s 2012-2013 Rebecca School tuition, T.Y.'s supplemental speech therapy, and T.Y.'s 1:1 paraprofessional and transportation costs. Plaintiffs are granted leave to submit an application for

11

attorneys' fees that complies with 20 U.S.C. § 1415(i)(3)(C) within 21 days of judgment.  Defendant may file any objections to plaintiffs' fee application within 21 days thereof.  The Clerk of Court is respectfully directed to enter judgment in favor of plaintiffs and close this case.

**SO ORDERED.**

Dated:     September 30, 2016
           Brooklyn, New York

                                    _____/s/_____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge